UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:  CASE NO: 12-07814
CHAPTER: 7

John William Funk
Helen Rebecca Funk

Debtor(s).

## STATEMENT OF CHANGE

In Accordance with Bankruptcy Rule 1009-1 the undersigned hereby amends:

Schedule:

```
___ A-_____
___ B-_____
_x_ C- correct exemptions
___ D-_____
___ E-_____
___ F-_____
___ G-_____
___ H-_____
___ I-_____
___ J-_____
_x_ STATEMENT OF FINANCIAL AFFAIRS: correct #18
___ INDIVIDUAL STATEMENT OF INTENTIONS _____
___ OTHER: _____
```

The undersigned debtors do hereby swear that this amendment is true and accurate to the best of their knowledge, information and belief.


/s/John William Funk
Debtor


/s/Helen Rebecca Funk
Debtor

# United States Bankruptcy Court
## District of South Carolina

In re  John William Funk
       Helen Rebecca Funk                                           Case No.  **12-07814**
                           Debtor(s)                                Chapter   **7**

# AMENDMENT COVER SHEET

Amendment(s) to the following petition, list(s), schedule(s) or statement(s) are transmitted herewith:
**Schedule C and Statement of Financial Affairs**

## NOTICE OF AMENDMENT(S) TO AFFECTED PARTIES

Pursuant to Federal Rule of Bankruptcy Procedure 1009(a), I certify that notice of the filing of the amendment(s) listed above has been given this date to any and all entities affected by the amendment as follows:

Date: **January 22, 2013**              /s/ Philip Fairbanks
                                        **Philip Fairbanks #756**
                                        Attorney for Debtor(s)
                                        **Philip L. Fairbanks**
                                        **1214 King Street**
                                        **Beaufort, SC 29902**
                                        **843-521-1580 Fax:843-521-1590**

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## District of South Carolina

In re    **John William Funk,**
       **Helen Rebecca Funk**

Debtors

Case No. **12-07814**

Chapter **7**

## SUMMARY OF SCHEDULES - AMENDED

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 600,000.00 | | |
| B - Personal Property | Yes | 4 | 167,363.86 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 736,028.51 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 59,159.09 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 12 | | 991,816.95 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 5 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 3,244.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 4,859.33 |
| Total Number of Sheets of ALL Schedules | | 31 | | | |
| Total Assets | | | 767,363.86 | | |
| Total Liabilities | | | | 1,787,004.55 | |

In re John William Funk,
      Helen Rebecca Funk

Case No. __12-07814__

Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** <br> Cash: cash on hand <br> Location: 15 Ashley Hall Drive Bluffton, SC 29910 | S.C. Code Ann. § 15-41-30(A)(5) | 60.00 | 60.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** <br> Wells Fargo joint checking acct ending #5670 | S.C. Code Ann. § 15-41-30(A)(5) | 4,719.85 | 4,719.85 |
| **Household Goods and Furnishings** <br> Furniture: 3 bedroom sets, 3 sofas, 2 desks, 3 recliners, dinette set, dining room set, upholstered chairs, wood side chairs, lamps, mirrors, book cases, 2 benches, 2 coffee tables, side tables, rug, china cabinet, 3 wood chests, rocking chair, misc. appliances; misc. linens and kitchenware, laptop and printer; misc. pictures, books and cds <br> Location: 15 Ashley Hall Drive Bluffton, SC 29910 | S.C. Code Ann. § 15-41-30(A)(3) | 7,800.00 | 7,800.00 |
| **Wearing Apparel** <br> Misc. men's and women's clothing <br> Location: 15 Ashley Hall Drive Bluffton, SC 29910 | S.C. Code Ann. § 15-41-30(A)(3) | 1,000.00 | 1,000.00 |
| **Furs and Jewelry** <br> Misc. jewelry, including wedding rings, watches, costume jewelry | S.C. Code Ann. § 15-41-30(A)(4) | 1,650.00 | 1,650.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** <br> Sports-Hobby: golf clubs, 35mm camera <br> Location: 15 Ashley Hall Drive Bluffton, SC 29910 | S.C. Code Ann. § 15-41-30(A)(7) Debtors' unused portion of 15-41-30(A)(5) | 120.00 | 120.00 |
| Firearms: old Mossberg 16 gage shotgun, not fired for 50 years <br> Location: 15 Ashley Hall Drive Bluffton, SC 29910 | S.C. Code Ann. § 15-41-30(A)(7) debtors' unused portion of 15-41-30(A)(5) | 10.00 | 10.00 |
| **Interests in Insurance Policies** <br> Lincoln National Life - Irrevocable life insurance trust - Second to die life insurance policy - Trustee is PNC Bank, Columbus, Oh. <br> Policy amount is $2,350,000. | S.C. Code Ann. § 38-63-40(A) | 67,063.40 | 67,063.40 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** <br> Valley Wealth Management IRA account ending #1981 <br> Roanoke, Va. | S.C. Code Ann. § 15-41-30(A)(13) | 71,240.61 | 71,240.61 |

__1__ continuation sheets attached to Schedule of Property Claimed as Exempt

In re  John William Funk,
       Helen Rebecca Funk

Case No. **12-07814**

Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT - AMENDED
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Automobiles, Trucks, Trailers, and Other Vehicles**<br>**2000 Mercedes 430s**<br>**VIN #WDBNG70J9YA114327**<br>**Mileage: 120,000**<br>**Location: 15 Ashley Hall Drive Bluffton, SC 29910** | S.C. Code Ann. § 15-41-30(A)(2) | 11,200.00 | 11,200.00 |
| 2011 Club Car golf cart<br>Location: 15 Ashley Hall Drive Bluffton, SC 29910 | S.C. Code Ann. § 15-41-30(A)(7) debtors' unused portion of 15-41-30(A)(5) | 2,500.00 | 2,500.00 |

Total: 167,363.86    167,363.86

Sheet __1__ of __1__ continuation sheets attached to the Schedule of Property Claimed as Exempt

B7 (Official Form 7) (12/12)

# United States Bankruptcy Court
## District of South Carolina

In re  **John William Funk**
      **Helen Rebecca Funk**
                                                                Debtor(s)

Case No. **12-07814**
Chapter **7**

## STATEMENT OF FINANCIAL AFFAIRS - AMENDED

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None ☐  State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $0.00 | 2012 Husband A. S. Pugh of Roanoke, Inc. wages |
| $1,060,000.00 | 2010 Joint - all sources |
| $104,658.00 | 2011 YTD Joint - all sources |

---

**2. Income other than from employment or operation of business**

None ☐  State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $17,604.00 | 2012 Husband social security |

B 7 (12/12) 2

| AMOUNT | SOURCE |
|---|---|
| $22,656.00 | 2011 Husband social security |
| $22,656.00 | 2010 Husband social security |
| $11,592.00 | 2012 Wife social security |
| $14,928.00 | 2011 Wife social security |
| $14,928.00 | 2010 Wife social security |
| $30,944.26 | 2012 Husband investments |
| $83,941.00 | 2011 Husband investments |
| $57,099.00 | 2010 Husband investments |
| $5,000.00 | 2012 Wife IRA |
| $16,033.00 | 2010 Wife IRA |

**3. Payments to creditors**

None ☐ *Complete a. or b., as appropriate, and c.*

  a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Colleton River Plantation<br>Colleton River Drive<br>Bluffton, SC 29910 | Oct 28, 2012 | $1,413.38 | $7,775.00 |
| Cole & Associates<br>2118 Rosalind Avenue<br>Roanoke, VA 24014 | Nov. 2012 $450<br>Dec. 2012 $445 | $895.00 | $0.00 |

None ■  b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■  c. *All debtors.* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

* *Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 7 (12/12) 3

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| James A. Holmes v. David Funk, John W. Funk and Michael Funk CL 12000416-00 | suit to enforce a confession of judgement note. | Circuit Court, Danville, Va. Danville, Va. | Judgement entered June 22, 2012 in Va. That judgement was filed in SC on Aug 21,2012 and served on me Sept 13, 2012 |
| American Builders & Contractors Supply Co., Inc. v. A.S. Pugh of Roanoke, Inc. and Funk and Tull | civil | Circuit Court for Fairfax County, State of Virginia | pending |
| James A. Holmes v. David Funk, John W. Funk and Michael Funk | filing of foreign judgmnt | Beaufort County Common Pleas | judgment |
| Black v. AS Pugh | tort | Virgina | unknown |

None ■ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5. Repossessions, foreclosures and returns

None ☐ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Valley Bank 36 Church Street Roanoke, VA 24011 | March, 2012 | execution of security interest in money market acct ending #4715 - $525,000.00 |
| Valley Bank 36 Church Street Roanoke, VA 24011 | March - April, 2012 | Valley Wealth Management account liquidated and foreclosed - approximately $625,000.00 |

### 6. Assignments and receiverships

None ■ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

B 7 (12/12) 4

None ■ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None ■ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None ☐ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| underground sprinkling system controls<br>Value: 858 | lightning strike | 04/15/2012 |

### 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Philip Fairbanks<br>King St<br>beaufort, SC 29911 | Aug. 9 2012; 12/5/12 | 1000.00; $2000.00 |

### 10. Other transfers

None ☐ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Dieter Sczurowski<br>1303 Thompson St.<br>North Ft. Myers, FL 33903<br>none | 03/28/2012 | 1997 Porsche 911 4S<br>Value: $42,000 |
| Savannah Piano Inc.<br>14045 Abercorn St.<br>Savannah, GA 12345<br>none | 05/9/2012 | Kimball baby grand piano<br>Value: 1850.00 |

B 7 (12/12)                                                                                                           5

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Club Car of Hilton Head<br>Fording Island Rd<br>Bluffton, SC 29910<br>    none | 01/18/2012 | 1997 Club Car golf cart<br>Value: 900.00 |
| Chester and Helen Fields<br>2250 March St.<br>Kalamazoo, MI 49001<br>    none | 08/12/2011 | Timeshare weeks at Island Club, Hilton Head, SC<br>--weeks 16 & 17<br>Value: 9500.00 |
| Valley Bank<br>36 Church Street<br>Roanoke, VA 24011<br>    creditor | 3/12 | money market acct ending #4715 value $525,000.00 - to pay loan secured by account |
| Valley Bank<br>36 Church Street<br>Roanoke, VA 24011<br>    creditor | March through April, 2012 | Wealth Management Account secured $1.15M loan, when loan called, account was liquidated over time and proceeds paid balance of loan. Client netted approximately $13,000 from account after loan paid in full. |

None ■    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ☐    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| South Carolina Bank & Trust<br>Fording Island Rd<br>Bluffton, SC 29910 | checking acct ending # 9117<br>Final Balance: 0.00 | $34.65<br>8/1/2012 |
| South Carolina Bank & Trust<br>Fording Island Road<br>Bluffton, SC 29910 | checking   6465<br>Final Balance: 33.07 | $61.07<br>6/29/12 |
| Valley Bank<br>36 Church Ave.<br>Roanoke, VA 24011 | Valley Bank collateral account FBO John W. Funk account # 3210<br>Final Balance: 0 | 0<br>04/17/2012 |
| Valley Bank<br>36 Church St.<br>Roanoke, VA 24011 | Money Market account ending #4715 at Valley Bank. This account, in the amount of $525000. was pledged to secure my debt to Valley Bank, and was liquidated in March,2012 to pay down that debt.<br>Final Balance: 0.00 | 0.00<br>03/28/2012 |
| Valley Bank<br>36 Church Street<br>Roanoke, VA 24011 | personal checking acct ending #3142 | 12/12/12 $0.62 |

B 7 (12/12)                                                                                                                                   6

### 12. Safe deposit boxes

None ■  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None ■  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None ■  List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None ■  If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

### 16. Spouses and Former Spouses

None ■  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

B 7 (12/12) 7

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18. Nature, location and name of business

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| A.S. Pugh of Roanoke, Inc. | 54-1870391 | 1111 Shenandoa Ave., NW Roanoke, VA 24017 | commercial roofing | 5/02 to 3/12 |
| JWDJ, LLC | 26-3990389 | 1111 Shenandoah Ave., NW Roanoke, VA 24017 | Property acquistion | 10/08 |
| McDowell Road Associates, LLC | | McDowell Road Grove City, OH 43123 | holding company - only asset building located at McDowell Road, sold in 2010 | 1997-2010 |

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                    ADDRESS

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

B 7 (12/12)                                                                                                                              8

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

| | | | |
|---|---|---|---|
| Date | **January 22, 2013** | Signature | **/s/ John William Funk** |
| | | | **John William Funk** |
| | | | Debtor |

| | | | |
|---|---|---|---|
| Date | **January 22, 2013** | Signature | **/s/ Helen Rebecca Funk** |
| | | | **Helen Rebecca Funk** |
| | | | Joint Debtor |

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
## District of South Carolina

In re    **John William Funk**
       **Helen Rebecca Funk**               Debtor(s)

Case No.   **12-07814**
Chapter    **7**

# AMENDED
# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing document(s), consisting of __13__ page(s), and that they are true and correct to the best of my knowledge, information, and belief.

Date **January 22, 2013**      Signature    **/s/ John William Funk**
                                                            **John William Funk**
                                                            Debtor

Date **January 22, 2013**      Signature    **/s/ Helen Rebecca Funk**
                                                            **Helen Rebecca Funk**
                                                            Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
### District of South Carolina

| | | | |
|---|---|---|---|
| In re | John William Funk<br>Helen Rebecca Funk | Case No. | **12-07814** |
| | Debtor(s) | Chapter | 7 |

## CERTIFICATE OF SERVICE

I hereby certify that on **January 22, 2013**, a copy of Statement of Change, Amendment Cover Sheet, Amended Statement of Financial Affairs and Amended Declaration and Amended Schedule C was served electronically or by regular United States mail to all interested parties, the Trustee and the US Trustee.

/s/ Philip Fairbanks
Philip Fairbanks #756
Philip L. Fairbanks
1214 King Street
Beaufort, SC 29902
843-521-1580 Fax:843-521-1590